# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

| IN RE: **WILFREDO ORTIZ BAYRON** SSN xxx-xx-6412 Debtor(s) | CASE NO: **21-00354-EAG** Chapter 13 |
|---|---|

## - AMENDED -

## TRUSTEE'S OBJECTION TO PROPOSED PLAN CONFIRMATION UNDER SECTION 1325

**\*ATTORNEY FEES AS PER R 2016(b) STATEMENT:**

Attorney of Record: **MIRIAM LOZADA RAMIREZ ESQ\***

Total Agreed: **$4,000.00**   Paid Pre-Petition: **$1,200.00**   Outstanding (Through the Plan): **$2,800.00**

---

**\*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1325**

**Debtor's/s' Commitment Period:** ☐ Under Median Income 36 months   ☒ Above Median Income 60 months §1325(b)(1)(B)
☐ The Trustee cannot determine debtor's/s' commitment period at this time.   Projected Disposable Income: **$0.00**

**Liquidation Value: $0.00   Estimated Priority Debt: $0.00**

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.00

With respect to the (amended) Plan date: **Mar 23, 2021 (Dkt 16)**   Plan Base: **$10,810.00**

**The Trustee:**   ☐ DOES NOT OBJECT   ☒ **OBJECTS** Plan Confirmation   Gen. Uns. Approx. Dist.: 8 %

The Trustee objects to confirmation for the following reasons:

---

**[1325(a)(4)] Plan fails Creditors Best Interest Test.**

LOCAL HOMESTEAD CASE:
Debtor's real property is not registered in the Property Registry. Debtor has failed to submit evidence of having complied with Articles 11 and 12 of the Local Home Protection Act.
Regarding the property listed in Schedule A, Debtor submitted a deed in which debtor, back in 2019, claimed his right to homestead over a property in what to seems to be in a different location. Debtor must clarify if the property described in the deed is the same as the one in Schedule AB. If it is not the same property, Debtor must disclose what happened to the property described in the deed submitted for evaluation.

Also, Debtor incorrectly claimed retirement funds in Amended Schedule C (under Section 361 of Title 18 of the Puerto Rico Law Annotated). A separate objection will be filed. Debtor may claim these funds exempt under Section 522 (b)(3) of the Bankruptcy Code.

The case's liquidation value cannot be determined at this time.

---

**[1325(a)(5)] Plan fails to comply with required treatment of allowed Secured Claims.**

The plan fails to provide treatment for EDUCOOP's secured shares per proof of claims no. 6 and 7.

---

**[1325(a)(9)] Tax Requirements – Debtor(s) fails to comply with Tax Return filing requirement of [1308].**

- Debtor has failed to submit evidence of having filed local tax returns pertaining to year 2019 or form 2781 indicating why Debtor is not required to file tax returns.

---

**\*OTHER COMMENTS / OBJECTIONS**

The plan fails to include the 2020 tax refund ($312.00) already on hand of the Trustee. The base must be amended to include such funds so that the Trustee can disburse the same.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: March 26, 2021

/s/ Nannette Godreau, Esq.

Last Docket Verified: 18    Last Claim Verified: 7    CMC: GR